**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | **CRIMINAL ACTION** |
| ) | |
| v. ) | No.  05-10019-01 MLB |
| ) | |
| CLARK A. MORIN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's second amended motion to suppress evidence seized from his residence pursuant to a search warrant.  (Doc. 30).[1]  The motion has been fully briefed, and the court conducted an evidentiary hearing on June 6, 2005.[2] Defendant's motion is DENIED for reasons set forth herein.

**I.   FACTS**

Defendant, Clark Morin, was indicted on May 3, 2005 on a second superseding indictment for (1) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); (2) possession with the intent to distribute 84.9 grams of methamphetamine in violation of 21 U.S.C. § 841(a)(1); (3) unlawful use of a controlled substance while in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2); and, (4) possession of 3.18

---

[1] Defendant also filed a motion to dismiss count 3 (Doc. 18). Counsel acknowledges in the motion that the Tenth Circuit has resolved the issues against his position and that he is merely preserving his position.  Defendant's motion to dismiss count 3 is denied.

[2] The hearing was held reluctantly out of an abundance of caution. See the court's May 5, 2005 letter to counsel, attached.

grams of methamphetamine in violation of 21 U.S.C. § 844.

On December 22, 2004 a District Court Judge for Allen County Kansas issued a search warrant for defendant's residence based on drug task force agent Ronnie Light's affidavit. Agent Light's affidavit referred to four sources: two un-named reliable sources (RS #1 and RS #2); confidential informant (CI) Saber Granger;[3] and named informant Juanita "Annie" Sinclair.

The Kansas Bureau of Investigation (KBI) maintains two categories of informants. A confidential informant signs a written contract to work for the KBI in exchange for either monetary compensation or consideration on pending or possible charges. A reliable source is not contractually bound.

### Reliable Source #1 and #2

Prior to the present case, Agent Light had no personal experience with RS #1 or RS #2, but former Iola Police Department detective Shannon Moore, now an Allen County undersheriff, testified at the hearing that neither RS #1 or #2 had a history of criminal activity.[4] Neither RS #1 or #2 had any prior successful cooperation with authorities in the capacity as a reliable source.

### Confidential Informant Granger

The CI in this case, Saber Granger, was arrested on drug charges

---

[3] Granger was not identified by name in the affidavit, but defendant has been aware of his identity.

[4] The court finds that both agent Light and undersheriff Moore are credible witnesses.

-2-

on December 21, 2004, one day before the defendant's arrest.[5] For consideration not to file the pending drug charge, Granger agreed to enter into a written contract with the KBI as a CI and participate in a "controlled buy" of methamphetamine from defendant. The "controlled buy" occurred near CI Granger's driveway during the early morning hours of December 22, 2004. After the "controlled buy," CI Granger provided agent Light with a written statement of events along with other information that agent Light relied on in his affidavit. Agent Light had personal knowledge that Granger had no prior experience as a CI working for the KBI, that he was a drug addict, and also sold methamphetamine, but he did not include this information in the affidavit supporting the search warrant.

### Informant Juanita "Annie" Sinclair

Sinclair was not considered a reliable source or a confidential informant, but she provided agent Light with information he summarized in his affidavit. Sinclair was arrested for drug possession on December 3, 2004 and during a police interview provided information about defendant's illegal drug activities. Agent Light did not include Sinclair's arrest, previous drug history, or her lack of experience in providing the KBI with information in the affidavit.

## II.  MOTION TO SUPPRESS

In his motion to suppress, defendant seeks to exclude evidence seized from his residence obtained pursuant to the search warrant. Defendant claims that the affidavit presented in support of the search warrant lacked probable cause because (1) the connection of the

---

[5]At the time of this hearing, the county attorney had not decided whether to file charges against Granger, but anticipated doing so.

-3-

information provided by the informants to defendant's residence was lacking and (2) the issuing state court judge was not told in the affidavit of information bearing upon the lack of credibility of Granger and Sinclair due to their criminal histories and drug use. (Doc. 30 at 2-3). Moreover, defendant claims that the affidavit is deficient for failing to specify whether CI Granger received money or consideration for his participation in the "controlled buy." (Id. at 2). Defendant considers these failings material omissions by the affiant. (See id. at 2-5).

### Nexus Between the Place to be Searched and the Criminal Activity

Defendant's first argument is that the necessary connection between the accusations made by the informants and the defendant's residence was lacking. The affidavit stated that RS #1 told detective Moore that defendant made several trips a week to acquire illegal drugs or supplies. (See Aff. at 2). RS #2 told detective Moore that he/she observed "suspicious activity" at defendant's residence including traffic and activity around an unattached garage that had the windows covered and an exhaust system installed. (Aff. at 2-3). Informant Sinclair informed detective Moore that, among other things, defendant had a video surveillance system at his house, a German Shepard, and she had purchased methamphetamine from him. (See Aff. at 3). Finally, on December 21, 2004, at the direction of officers, CI Granger purchased two 1/8th ounce baggies of methamphetamine from defendant at a location near defendant's residence. CI Granger had been to defendant's home earlier in the day and had purchased methamphetamine. He also stated that defendant had firearms in his house. (See Aff. at 4).

Probable cause exists when "the facts presented in the affidavit would warrant a man of reasonable caution to believe that evidence of a crime will be found at the place to be searched." United States v. Harris, 369 F.3d 1157, 1165 (10th Cir. 2004)(quoting United States v. Hernandez-Rodriguez, 352 F.3d 1325, 1330 (10th Cir. 2003)). The Circuit has adopted the general rule that probable cause requires a "nexus between [the contraband to be seized] or suspected criminal activity and the place to be searched." United States v. Rowland, 145 F.2d 1194, 1203-4 (10th Cir. 1998)(quoting United States v. Corral-Corral, 899 F.2d 927, 937 (10th Cir. 1990)).[6] Additionally, probable cause exists if the affidavit sets forth facts that would lead a prudent person to believe that a search of the specified premises would uncover contraband or evidence of a crime. Id. at 1204 (noting United States v. Burns, 624 F.2d 95, 99 (10th Cir. 1980)).

The court finds that the affidavit, considered as a whole, provided a reasonable basis for the state court judge to determine with "fair probability" that evidence of a crime would be found at defendant's house. See United States v. Corral-Corral, 899 F.2d 927, 937 (10th Cir. 1990).

**Material Omissions of Fact by Affiant**

Defendant's second argument is that the state court judge was

---

[6]The Rowland court referred to the Fourth Circuit decision United States v. Lalor which stated that "probable cause can be inferred from the circumstances, and a warrant is not invalid for failure to produce direct evidence that the items to be seized will be found at a particular location." United States v. Lalor, 996 F.2d 1578, 1582 (4th Cir. 1993) noted in United States v. Rowland, 145 F.3d 1194, 1204 (10th Cir. 1998).

-5-

misled by material omissions of fact from the affiant.[7]  Prior to providing the KBI with information, both CI Granger and informant Sinclair were arrested on drug charges.  (Doc. 30 at 2).  Agent Light did not include these facts as part of the affidavit.  Specifically, defendant claims that Granger and Sinclair are unreliable because both are trying to further their own ends by "ratting out" defendant.  This may or may not be true, but the test that this court must consider is, if the state court judge had been aware of the omitted information, would he still have found probable cause to issue the search warrant.  See United States v. Avery, 295 F.3d 1158, 1168 (10th Cir. 2002).[8]

In Avery the Tenth Circuit considered three factors in its determination whether a federal magistrate judge would have issued the search warrant if apprised of the informant's criminal history.  The factors apply equally to a state court judge.  Two of the factors are applicable to the present case.  First, although the affidavit did not specifically mention CI Granger or informant Sinclair's criminal histories and recent arrests, it informed the state court judge that both had obtained methamphetamine from defendant in the past, thus putting the judge on notice that they are not model citizens.  Second, courts observe that judges often know that confidential informants "'suffer from generally unsavory character' and may only be assisting police to avoid prosecution for their own crimes."  Id. (quoting United States v. Novaton, 271 F.3d 968, 985 (11th Cir. 2001)).  Third,

---

[7] This seems to be a common position taken by defendants, yet no state judge is ever called to say that he or she was misled into issuing a search warrant.

[8] Avery was an appeal from this court.  Avery's counsel is Morin's counsel.

-6-

the United States Supreme Court held that a search warrant may still be issued when "a particular informant is known for [his] unusual reliability." Id. (quoting Illinois v. Gates, 462 U.S. 213, 233 (1983))(alteration in original). This factor is not applicable one way or the other.

The Supreme Court has observed that "a magistrate's 'determination of probable cause should be paid great deference by reviewing courts.'" Illinois v. Gates, 462 U.S. 213, 236 (1983)(quoting Spinelli v. United States, 393 U.S. 410, 419 (1969)). In doing so, reviewing courts must apply the totality of the circumstances test:

> The task of the issuing magistrate judge is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for. . . conclud[ing] that probable cause existed.

Id. at 238-39.

The court concludes that the state court judge had a substantial basis for concluding there was probable cause to issue the search warrant. It may well be that CI Granger and informant Sinclair had ulterior motives to provide the KBI with information; nonetheless, "[an informant's] explicit and detailed description of alleged wrongdoing, along with a statement that the event was observed first-hand, entitles his tip to greater weight than might otherwise be the case." Id. at 234. After reviewing the Avery factors and the totality of circumstances test, the court concludes that the state court judge would nonetheless have issued the search warrant, not

-7-

withstanding the alleged deficiencies put forth by defendant, each of which this court has carefully considered.[9]  Accordingly, defendant's motion to suppress the evidence seized from his residence pursuant to the search warrant is DENIED.

IT IS SO ORDERED.

Dated this 23rd   day of June 2005, at Wichita, Kansas.

/s Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

---

[9] Although not an <u>Avery</u> factor, it is worth noting that this court is acquainted with the state judge who issued the warrant through encounters when each was practicing law in southeast Kansas.  This court is satisfied that Judge Creitz is well-acquainted with the standards pertaining to search warrants and would follow those standards.

-8-